UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRYAN CLAYTON ROBERTS** | **CIVIL ACTION NO. 14-663-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY W. GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Bryan Clayton Roberts ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 26, 2014. Plaintiff is currently incarcerated at the Louisiana State Penitentiary, but he complains his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff names Jerry W. Goodwin, Jamie Fussell, Karen Bays, and Mark Hunter as defendants.

Plaintiff claims that beginning on December 27, 2009, he was confined to disciplinary detention extended lock-down for seven days a week, twenty-three hours a day. He claims that from January of 2010 until March of 2014, Jerry Goodwin, Jamie Fussell, Karen Bays, and Mark Hunter denied him access to the courts and access to the law library and inmate

counsel. He claims there were no law books in extended lock-down. He also claims that inmate counsel were kept from being involved in condition of confinement cases under threat of losing their jobs.

Plaintiff claims that in April of 2010, he spoke with inmate counsel Tony Evans about filing a habeas petition in this court. He claims Evans was on the extended cell block tier for approximately 15 minutes each week. He claims Evans was aware that his Supreme Court ruling became final on October 30, 2009, and he had one year to file his petition. He claims Evans failed to timely file his petition in 5:10-cv-1889.

Plaintiff claims he was delayed in filing his federal habeas petition because prison officials stopped inmate counsel from working on his case and withheld his case from April 2010 until December 2010 in retaliation for his simple escape conviction in 2009. He claims inmate counsel was aware that his deadline was October 12, 2010 and untimely filed his petition.

Plaintiff claims Officer Mark Hunter refused his request to make copies of all of his pending lawsuits. He claims Officer Hunter retaliated against him for filing civil suits against prison officials.

Plaintiff claims as a result of the denial of access to the courts and the law library, he suffered physical injury and emotional distress.

Plaintiff claims Jerry Goodwin retaliated against him by threatening him with physical violence for filing a grievance in the administrative remedy procedure.

Accordingly, Plaintiff seeks declaratory and injunctive relief, compensatory damages,

court costs, and any other relief which is just, proper, and equitable.

## LAW AND ANALYSIS

**Law Library and Inmate Counsel Access**

Plaintiff claims that from January of 2010 until March of 2014, he was denied access to the law library and inmate counsel. He claims that in April of 2010, he spoke with inmate counsel about filing a habeas petition in this court. He claims the inmate counsel was aware that his Supreme Court ruling was final on October 30, 2009 and he had one year to file his petition. He claims inmate counsel failed to timely file his petition in this court in 5:10-cv-1889. He claims prison official stopped inmate counsel from working on his case and withheld his case from April of 2010 until December of 2010.

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is

derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to a law library or inmate counsel. Plaintiff admits that he was represented by inmate substitute counsel for his habeas petition, but complains that his inmate substitute counsel untimely filed his petition. Furthermore, Petitioner filed a letter (Doc. 3) shortly after he filed his federal habeas petition in 5:10-cv-1889 which demonstrates that he apparently miscalculated his deadline and was aware that there was a deadline to file his petition. Furthermore, Plaintiff had from November of 2009 until January of 2010 to work on his case without any alleged denial of access to the courts by Defendants. Thus, he has failed to state any actual injury caused by Defendants.

Furthermore, Plaintiff's claims appear to be untimely. In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Defendants from April of 2010 until December of 2010 when inmate counsel was allegedly stopped from working on his case and withheld it in retaliation of his escape conviction. Thus, prescription began to run as to these claims in December of 2010 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until March 19, 2014, and it was not filed by the Clerk of Court until

March 26, 2014.  Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights claims should be dismissed as frivolous.

**Retaliation**

Plaintiff claims Officer Hunter refused his request for copies of all of his pending lawsuits in retaliation for his filing of civil suits against prison officials.  He also claims Jerry Goodwin retaliated against him by threatening him with physical violence because he filed a grievance in the administrative remedy procedure. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the failure to make copies and threats of physical violence--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiff's allegations that he was retaliated against by Defendants are insufficient to state a valid claim. The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence that "but for" this motive, his copies were not made and he was verbally threatened.  Accordingly, these actions by Officer Hunter and Jerry Goodwin do not implicate any constitutional rights.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C.

§ 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st day of March, 2017.

Mark L. Hornsby
U.S. Magistrate Judge